

**NUMBER 13-08-00348-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI ‑ EDINBURG**

---

**BRANDON BOYD SHYTLES,**                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                     **Appellee.**

---

**On appeal from the 36th District Court
of Aransas County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant, Brandon Boyd Shytles, appeals from his conviction of theft. *See* TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2008). Appellant pleaded guilty and was sentenced to two years' incarceration. The trial court suspended the sentence and placed appellant on community supervision for a period of two years. After appellant pleaded "true" to violating the terms of his community supervision, the trial court revoked his

community supervision and sentenced him to two years' incarceration. Appellant's counsel

filed an *Anders* brief in which he concludes there are no arguable grounds for an appeal.

We affirm.

### I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

In the *Anders* brief, appellant's counsel concludes that this appeal is frivolous and

without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). Appellant's brief meets

the requirements of *Anders*. *See id.* at 744-45; *see also High v. State*, 573 S.W.2d 807,

812 (Tex. Crim. App. [Panel Op.] 1978). Counsel has presented a professional evaluation

of the record and referred this Court to what, in his opinion, are all issues which might

arguably support an appeal including, among other things, jurisdictional error, procedural

error, and the sufficiency of the evidence. *See Anders*, 386 U.S. at 744; *Currie v. State*,

516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

In compliance with *High*, 573 S.W.2d at 813, appellant's counsel has carefully

discussed why, under controlling authority, there are no errors in the trial court's judgment.

Counsel has informed this Court that he reviewed the record, researched the law

applicable to the facts and issues, and now concludes that there are no arguable grounds

for appeal. Counsel certifies to this Court that he served a copy of the brief and his motion

to withdraw on appellant, and he informed appellant of his right to review the record and

file a pro se response within thirty days.[1]  *See Anders*, 386 U.S. at 744; *Stafford v. State*,

813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *see also In re Schulman*, 252

S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008). More than an adequate period of time has

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

The United States Supreme Court advised appellate courts that upon receiving a "frivolous appeal" brief, we must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W. 3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have found nothing arguably supporting an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). The judgment of the trial court is affirmed.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right

to file a petition for discretionary review.[2]  *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

                NELDA V. RODRIGUEZ
_____Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 5th day of March, 2009.

---

[2] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* Tex. R. App. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* Tex. R. App. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* Tex. R. App. P. 68.4.